IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JACKSON, ET AL., | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-2439-B-BK |
| | § | |
| JORDAN BESWICK, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's February 23, 2024 *Standing Order of Reference*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Doc. 15. Upon review of the relevant pleadings and applicable law, the complaint should be **DISMISSED WITHOUT PREJUDICE** because venue is not proper in this district.

**I. BACKGROUND**

On November 2, 2023, Plaintiffs Christopher Jackson and Chapter Jackson filed this suit against Rachel Gosset and Beswick Jordan in their individual capacities and as co-trustees of the Jackson Family Trust, and subsequently filed an amended complaint (the operative complaint), which exceeds 180 pages. Doc. 3; Doc. 8. Although a proof of service has been filed, no Defendant has yet appeared.[1] Doc. 13.

The events at issue relate to a probate dispute that began in 2013 in Riverside California Superior Court. *In re: The Jackson Family Trust*, Case No. MCP1300789 (Cal. Super. Ct.,

---

[1] The Court takes no position as to the validity of the service attempted on Defendants.

Riverside Cnty.); Doc. 8 at 3-4, 182-85.  Plaintiffs assert that on January 4, 2023, Defendants obtained a final amended default judgment by fraud and that this prevented them from presenting their claims and defenses.  Doc. 8 at 3, 80.  An appeal was filed, but recently stayed because of a pending bankruptcy case.  *Gossett v. Jackson et al*, Appeal No. E080477 (Cal. Ct. App., 4th App. Dist., Div. 2).  Here, Plaintiffs seek declaratory, injunctive, and monetary relief.  Doc. 8 at 183-85.  Specifically, they request that this Court vacate the January 4, 2023 judgment and all other "judgments" and proceedings in the California probate case.  Doc. 8 at 4, 183-84.[2] [3]

At a minimum, the operative complaint fails to comply with the requirements of Federal Rule of Civil Procedure 8(d)(1) that each allegation must be "simple, concise, and direct."  That notwithstanding, the Court finds venue is not properly laid in the Northern District of Texas and that this case should be dismissed without prejudice.

---

[2] The California courts' docket sheets are available at https://epublic-access.riverside.courts.ca.gov/public-portal/ and https://appellatecases.courtinfo.ca.gov/search.cfm?dist=42 (last accessed on Feb. 28, 2024).

[3] The operative complaint also references other lawsuits in Kansas and Missouri:

(1) Christopher's personal Chapter 7 bankruptcy action in Kansas:  *Hamilton v. Jackson, et al.*, Case No. 16-06050 (Dist. Kan.);

(2) two lawsuits in Missouri:  *Rachel Gossett, et al v. Chapter K. Jackson*, Case No. 1916-CV27615 (Ass. Cir. Ct, Jackson Cnty.); *Rachel Gossett, et al. v. Christopher A. Jackson et al.*, Case No. 2216-CV08311 (Ass. Cir. Ct, Jackson Cnty.); and

(3) Chapter's involuntary Chapter 7 bankruptcy action, *In Re: Chapter Jackson Involuntary Chapter 7 Bankr.*, Case No. 23-41601 (W.D. Mo.).

## II. ANALYSIS

Venue in a civil case is governed by 28 U.S.C. § 1391(b), which intends that lawsuits be filed in the judicial district most connected to the parties or the events giving rise to the action. Thus, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Neither of the foregoing venue provisions apply here. Based on Plaintiffs' allegations, the events giving rise to their claims occurred in California (Riverside County), within the jurisdictional boundaries of the United States District Court for the Central District of California, Eastern Division. 28 U.S.C. § 84(c)(1). Importantly, Plaintiffs do not assert that any acts or omissions occurred within the geographical boundaries of the Northern District of Texas. Plaintiffs also do not allege that either Defendant is a resident of Texas, averring instead that Defendants reside in Montana and North Carolina. Thus, venue is not proper in this Court.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *See Caldwell v. Palmetto State*

*Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding courts have broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

Here, the Court concludes that the interests of justice do not support the transfer of this case to the appropriate district, considering: (1) the relative infancy of the case; (2) the failure of the operative complaint to comply with the pleading requirements of Federal Rule of Civil Procedure 8(d)(1) due to, *inter alia*, its excessive length; (3) Plaintiffs' filing history[4]; and (4) the nature of the claims raised, to-wit, fraud claims based on state-court judgments issued outside of Texas that, if affirmed, may be precluded under the *Rooker-Feldman* doctrine.[5]  Thus, this Court should instead exercise its broad discretion to dismiss the complaint without prejudice to it being filed in the proper district.

### III. CONCLUSION

Plaintiffs' complaint should be **DISMISSED WITHOUT PREJUDICE** as venue is improperly laid in this Court.

**SO RECOMMENDED** on March 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] The California appellate court initially declared Christopher a vexatious litigant and required him to seek leave to file.  *See* No. E080477 (docket entries for Jan. 13 and Feb. 15 and 21, 2023).

[5] Because an appeal of the California probate court's judgment is pending, the *Rooker-Feldman* doctrine is not now applicable.  See *Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022). ("Rooker-Feldman is inapplicable where a state appeal is pending when the federal suit is filed.").

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).